IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARK JACKSON,                          )
                                       )  Civil Action
            Plaintiff                  )  No. 11-cv-06194
                                       )
        vs.                            )
                                       )
THE DOW CHEMICAL COMPANY;              )
ROHM AND HAAS COMPANY;                 )
ROHM AND HAAS COMPANY BENEFITS         )
   ADMINISTRATIVE COMMITTEE (BAC);)
LIBERTY MUTUAL INSURANCE COMPANY; )
RAJ L. GUPTA;                          )
PIERRE R. BRONDEAU;                    )
JAQUES M. CROISETTIER;                 )
ROBERT A. LONERGAN, ESQUIRE;           )
ELLEN FRIEDELL, ESQUIRE;               )
ROYCE WARRICK, ESQUIRE;                )
JANE GREENETZ;                         )
DEANNA MAY;                            )
CYNTHIA MAZER;                         )
RICHARD P. QUINLAN, ESQUIRE;           )
SEAN B. McSWEENEY, ESQUIRE;            )
MICHAEL MILLER, ESQUIRE;              )
NANCY MAYO;                            )
LORI HAMLIN; and                       )
JOHN DOE NOS. 1-15,                    )
                                       )
            Defendants                 )


                    *    *    *


APPEARANCES:

        MARK A. JACKSON
            Plaintiff Pro Se


        KENNETH J. NACHBAR, ESQUIRE
            On behalf of defendants The Dow Chemical Company;
            Rohm and Haas Company; Raj L. Gupta; Pierre R.
            Brondeau; Jacques M. Croisettiere; Robert A.
            Lonergan, Esquire; Ellen Friedell, Esquire; Royce
            Warrick, Esquire; Jane Greenetz; Deanna May; and
            Cynthia Mazer

TODD C. SCHILTZ, ESQUIRE
JASON P. GOSSELIN, ESQUIRE
    On behalf of defendants Liberty Mutual Insurance
    Company; Richard P. Quinlan, Esquire; Sean B.
    McSweeney, Esquire; Michael Miller, Esquire; Nancy
    Mayo; and Lori Hamlin

\*   \*   \*

## OPINION

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on three motions to
dismiss. For the reasons expressed in this Opinion, I grant the
Certain Defendants' Motion to Dismiss; and I grant the Motion of
Defendants Liberty Mutual Insurance Company, Lori Hamlin, Nancy
May, Richard P. Quinlan, Sean B. McSweeney and Michael Miller to
Dismiss Plaintiff's Complaint. Accordingly, I dismiss
plaintiff's claims with prejudice against all defendants. I
dismiss as moot Defendant Jacques Croisetiere's Motion to
Dismiss.

## JURISDICTION

Jurisdiction is proper in this court because
plaintiff's complaint contains causes of action arising under
federal law. 28 U.S.C. § 1331. Plaintiff's pendent state-law
claims are within this court's supplemental jurisdiction because
they form part of the same case or controversy. Id. § 1367(a).

VENUE

Venue is proper in this court because a substantial part of the events giving rise to plaintiff's claims occurred in this judicial district.  28 U.S.C. § 1391(b)(2).[1]

PROCEDURAL HISTORY

Motions to Dismiss

On November 2, 2010 plaintiff pro se filed a Complaint in this matter in the United States District Court for the District of Delaware in case number 10-cv-00938.[2]

On January 28, 2011 Certain Defendants' Motion to Dismiss was filed on behalf of defendants The Dow Chemical Company; Rohm and Haas Company; Raj L. Gupta; Pierre R. Brondeau; Jacques M. Croisettiere; Robert A. Lonergan, Esquire; Ellen Friedell, Esquire; Royce Warrick, Esquire; Jane Greenetz; Deanna

---

[1]    Plaintiff initially brought this action in the United States District Court for the District of Delaware.  See Jackson v. Dow Chemical Co., Civ. No. 10-938 (D.Del. filed Nov. 2, 2010) (Sleet, C.J.).

On November 18, 2010, Liberty Mutual Insurance Company and certain other defendants moved to transfer venue to this court pursuant to 28 U.S.C. § 1404(a), principally on the ground that plaintiff's current suit was substantially similar to prior litigation brought by plaintiff in this court.

Liberty Mutual's motion to transfer venue was granted by the District Court of Delaware on September 30, 2011, and the action was transferred in its entirety to the United States District Court for the Eastern District of Pennsylvania and assigned to me.

[2]    In this Opinion, when citing to the documents filed in the United States District Court for the District of Delaware I refer to the docket entries as "(D.Del. Document ___)".  I refer to documents filed in the above-captioned docket as ("E.D.Pa. Document ___").

May; and Cynthia Mazer ("the Rohm and Haas defendants").[3]

Also on January 28, 2011, the Motion of Defendants Liberty Mutual Insurance Company, Lori Hamlin, Nancy May, Richard P. Quinlan, Sean B. McSweeney and Michael Miller to Dismiss Plaintiff's Complaint was filed.[4]  I refer to this group of defendants as the "Liberty Mutual defendants".

On February 14, 2011 plaintiff filed responses in opposition to the Rohm and Haas defendants' motion to dismiss[5] and to the Liberty Mutual defendants' motion to dismiss.[6]

On February 22, 2011 the Liberty Mutual defendants filed a reply brief in support of their motion to dismiss.[7]  On February 25, 2011 the Rohm and Haas defendants filed a reply brief in support of their motion to dismiss.[8]

---

[3]     The motion to dismiss was supported with a memorandum of law entitled Certain Defendants' Memorandum of Law in Support of Their Motion to Dismiss (D.Del. Document 48).

[4]     This motion to dismiss was supported with a brief entitled Memorandum of Law in Support of Motion of Defendants Liberty Mutual Insurance Company, Lori Hamlin, Nancy May, Richard P. Quinlan, Sean B. McSweeney and Michael Miller to Dismiss Plaintiff's Complaint (D.Del. Document 53)

[5]     Memorandum of Law in Support of Plaintiff's Response in Opposition to the Dow/Rohm and Haas Defendants' Motion to Dismiss the Complaint (D.Del. Document 57).

[6]     Memorandum of Law in Support of Motion of Plaintiff's Response in Opposition to the Liberty Mutual Defendants' Motion to Dismiss the Complaint (D.Del. Document 56).

[7]     Reply Memorandum of Law in Further Support of Motion of Defendants Liberty Mutual Insurance Company, Lori Hamlin, Nancy Mayo, Richard P. Quinlan, Sean B. McSweeney and Michael Miller to Dismiss Plaintiff's Complaint (D.Del. Document 58).

[8]     Certain Defendants' Reply in Support of Their Motion to Dismiss the Complaint (D.Del. Document 60)

4

On October 24, 2011, after the transfer of venue to this court, defendant Jacques Croisetiere joined the Certain Defendants' Motion to Dismiss filed on January 28, 2011.[9] Therefore, every defendant that has appeared in this action is seeking dismissal pursuant to the within motions to dismiss.[10]

### Other Pending Motions

While the action was pending in the District of Delaware, plaintiff moved for leave to file surreply briefs and a in support of his opposition to the various motions to dismiss.[11]

---

[9]     Defendant Jacques Croisetiere is represented by the same counsel as the Rohm and Haas defendants but filed a separate motion to dismiss, asserting lack of personal jurisdiction, titled Defendant Jacques Croisetiere's Motion to Dismiss (D.Del. Document 49).

     However, on October 24, 2011, after the transfer of venue to this court, Croisetiere purported to join in the motion to dismiss filed by the Rohm and Haas defendants (E.D.Pa. Document 12).

     The Rohm and Haas defendants themselves assert that all claims are precluded against Croisetiere.  See Certain Defendants' Memorandum of Law in Support of Motion to Dismiss, page 16 n.15 (D.Del. Document 48).

     In light of my conclusion regarding res judicata, I do not reach any question of personal jurisdiction.

[10]     Defendant Rohm and Haas Company Benefits Administrative Committee (BAC) has not appeared in this action.

[11]     Specifically, plaintiff filed the following motions requesting leave to file supplemental briefing:

     (1)   Plaintiff's Motion for Leave to File a Surreply to the Liberty Mutual Defendants' Motion to Dismiss, which motion for leave was filed on March 7, 2011 (D.Del. Document 63);

     (2)   Plaintiff's Motion for Leave to File a Surreply to the Dow/Rohm and Haas Defendants' Reply in Support of Their Motion to Dismiss the Complaint, which motion for leave was filed on March 9, 2011 (D.Del. Document 65); and

(Footnote 11 continued):

5

Both the Liberty Mutual defendants and the Rohm and Haas
defendants opposed plaintiff's request.[12]

Although the issues presented in both the Rohm and Haas
defendants and the Liberty Mutual defendants' motions to dismiss
have been extensively briefed, I grant plaintiff's motion for
leave to file supplemental briefing in support of its opposition
to the motions to dismiss.  Accordingly, I have considered
plaintiff's surreply briefs in the adjudication of the Rohm and
Haas defendants and Liberty Mutual defendants' motions to
dismiss.[13]

After the case was transferred to this district, it was
assigned to former United States District Senior Judge Louis H.
Pollak, who in turn ordered that certain matters of pretrial
management be handled by United States Magistrate Judge M. Faith
Angell.[14]

---

(Continuation of footnote 11):

    (3)   Plaintiff's Motion for Leave to File a Surreply to
Defendant Jacques M. Croisetiere's Reply in Support
[of] His Motion to Dismiss, which motion for leave was
filed on March 9, 2011 (D.Del. Document 66).

[12]   See Response of the Dow Chemical Defendants and Jacques
Croisetiere in Opposition to Plaintiff's Motions for Leave to File Sur-Replies
to the Motions to Dismiss Filed by Jacques M. Croisetiere and the Dow/Rohm and
Haas Defendants (D.Del. Document 67); and Opposition of the Liberty Murual
Defendants to Plaintiff Mark Jackson's Motion for Leave to File Supplemental
Briefing (D.Del. Document 71).

[13]   Because I do not consider defendant Jacques Croisetiere's motion
to dismiss, I dismiss plaintiff's motion for leave to file a surreply
concerning that motion as moot.

[14]   See Order of Judge Pollak dated October 5, 2011 and filed
October 13, 2011 (E.D.Pa. Document 3).

                       (Footnote 14 continued):

On October 26, 2011, Judge Angell stayed the case pending resolution of the motions to dismiss.[15]  On October 27, 2011 plaintiff filed an objection to Judge Angell's stay of discovery.[16]  The defendants filed responses to plaintiff's objections.[17]  Plaintiff's objections to the stay remain pending.

On May 31, 2012 plaintiff filed a motion to lift the stay.[18]  The defendants again opposed the requested relief.[19]  On June 21, 2012 plaintiff sought leave to file a reply memorandum in support of his motion to lift the stay.[20]  Both plaintiff's motion to lift the stay and his motion for leave to file a reply remain pending.

---

(Continuation of footnote 14):

The case was reassigned to me by the Clerk of Court on June 11, 2012, after Judge Pollak's death (E.D.Pa. Document 32).

[15]   See Order of Judge Angell dated and filed October 26, 2011 (E.D.Pa. Document 19).

[16]   Plaintiff's Objections to the Order of October 25, 2011 by the Hon. M. Faith Angell, which objections were filed October 27, 2011 (E.D.Pa. Document 20).

[17]   See Response to Plaintiff's Objections to the Order of October 25, 2011 by the Honorable M. Faith Angell, which response was filed by the Rohm and Haas defendants on October 31, 2011 (E.D.Pa. Document 23); see also Letter filed November 3, 2011 and dated November 4, 2011 from the Liberty Mutual defendants to Judge Pollak (E.D.Pa. Document 25).

[18]   Plaintiff's Motion to Remove the Stay of this Proceeding, which motion was filed May 31, 2012 (E.D.Pa. Document 29).

[19]   See Response to Plaintiff's Motion to Remove the Stay of this Proceeding, which response was filed by the Rohm and Haas defendants on June 1, 2012 (E.D.Pa. Document 30); see untitled brief filed by the Liberty Mutual defendants on June 15, 2912 (E.D.Pa. Document 33).

[20]   See Motion for Leave to File Reply Memorandum in Support of Plaintiff's Motion to Remove the Stay of this Proceeding, which motion for leave was filed by plaintiff on June 21, 2012 (E.D.Pa.Document 34).

In addition, on March 22, 2012, plaintiff requested an entry of default against the Rohm and Haas Company Benefits Administrative Committee.[21]  The Clerk has taken no action in regard to this request.

<u>STANDARD OF REVIEW</u>

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (<u>abrogated in other respects by Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) "[does] not require

---

[21]     <u>See</u> Plaintiff's Request for Entry of Default Against the Rohm and Haas Company Benefits Administrative Committee (BAC) filed March 22, 2012 (E.D.Pa. Document 28).

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[22]

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." Fowler, 578 F.3d at 210 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed "merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231. Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that

---

[22]    The opinion of the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

As the Supreme Court explained in Iqbal, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

discovery will reveal evidence of the necessary element[s]."  Id.
(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d
at 940) (internal quotation omitted).

The court is required to conduct a two-part analysis
when considering a Rule 12(b)(6) motion.  First, the factual
matters averred in the complaint, and any attached exhibits,
should be separated from legal conclusions asserted therein.
Fowler, 578 F.3d at 210.  Any facts pled must be taken as true,
and any legal conclusions asserted may be disregarded.  Id.
at 210-211.

Second, the court must determine whether those factual
matters averred are sufficient to show that the plaintiff has a
"plausible claim for relief."  Id. at 211 (quoting Iqbal,
556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-
specific" and requires the court to draw on "its judicial
experience and common sense" to determine if the facts pled in
the complaint have "nudged [plaintiff's] claims" over the line
from "[merely] conceivable [or possible] to plausible."
Iqbal,556 U.S. at 680, 129 S.Ct. at 1950-1951, 178 L.Ed.2d at
884-885 (internal quotations omitted).

A well-pleaded complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those
facts is improbable, and that a recovery is very remote and

unlikely." <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

FACTS

Based upon the averments in plaintiff's Complaint, attached exhibits, and matters of public record, including other judicial proceedings, the pertinent facts are as follows.[23]

Plaintiff Mark Jackson was employed as a certified public accountant by defendant Rohm and Haas Company, a manufacturer of specialty chemical products.  Plaintiff worked in the Financial Reporting and Analysis Group and then in the Agricultural Chemicals Business.[24]

On June 17, 1999 plaintiff filed a Complaint in Pennsylvania state court against his then-employer, defendant Rohm and Haas Company, and several of its employees who are not parties to the within action.  The gravamen of plaintiff's case in this suit was that the defendants had violated plaintiff's personal privacy while investigating allegations by a co-worker that plaintiff sexually assaulted her on a date.[25]

---

[23]    The within Complaint is 100 pages in length and includes 329 paragraphs.  Plaintiff's claims primarily arise from alleged conduct that occurred during prior litigation between plaintiff and various defendants. Therefore, I do not recite every factual allegation made by plaintiff. Rather, this section provides a factual summary of the litigation that plaintiff has been involved in and other pertinent factual allegations necessary to adjudicate the within motions to dismiss.

[24]    Complaint, ¶¶ 1, 3, 21 and 23.

[25]    Complaint, ¶ 45.

11

Plaintiff prevailed in a jury trial, but the Philadelphia Court of Common Pleas granted defendants a judgment notwithstanding the verdict on the ground that plaintiff's claims were barred by the state Workers' Compensation Act.[26]

In 2003, plaintiff brought the first of what would prove to be four federal lawsuits.

On September 19, 2003, plaintiff filed a Complaint ("Jackson I") against defendant Rohm and Haas Company, several of its employees, and several lawyers and law firms involved in representing Rohm and Haas Company in plaintiff's prior state-court suit. In Jackson I plaintiff alleged that Rohm and Haas Company and its employees and lawyers had falsified a piece of evidence in the state-court suit, which plaintiff pleaded as a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, as well as state law.[27]

Plaintiff's federal claims in Jackson I were dismissed for failure to state a claim, and the court declined to retain jurisdiction over his pendent state-law claims. Plaintiff filed a Notice of Appeal with the United States Court of Appeals for

---

[26]    Complaint, ¶¶ 48-49; see also Jackson v. Rohm & Haas Co., 56 Pa. D. & C.4th 449, 450-51 (Pa. Ct. Com. Pl. 2002), aff'd, 833 A.2d 1155 (Pa. Super. Ct. 2003) (table decision), perm. to appeal denied, 849 A.2d 1205 (Pa. 2004).

[27]    Complaint ¶¶ 51-52.

the Third Circuit.  On February 26, 2007 the Third Circuit affirmed.[28]

On April 19, 2007 plaintiff re-filed the state-law claims from Jackson I in the Philadelphia Court of Common Pleas. The Court of Common Pleas granted judgment on the pleadings to the defendants on all claims, with one exception not relevant here.[29]

The Court of Common Pleas concluded that plaintiff's claims were barred by the preclusive effect of his first state-court suit.  That decision was affirmed by the Superior Court of Pennsylvania.[30]  After the within Complaint was filed, the Supreme Court of Pennsylvania denied leave for further appeal in his second state-court suit.[31]

On September 19, 2005, plaintiff brought a second federal suit ("Jackson II") against the Jackson I defendants; the lawyers who represented the Jackson I defendants; and defendant

---

[28]      Complaint ¶¶ 59-60; Jackson v. Rohm & Haas Co., Civ. No. 03-5299, 2005 WL 1592910, at *4-5 (E.D. Pa. June 30, 2005) (Pollak, J.) (holding that plaintiff lacked standing to assert a RICO violation because state-law claims would have been barred by Workers' Compensation Act regardless of alleged falsification of evidence), aff'd, No. 06-1540, 2007 WL 579662 (3d Cir. Feb. 26, 2007)

[29]      Complaint, ¶ 65.

[30]      Complaint, ¶ 65-66.

[31]      See Jackson v. Rohm & Haas Co., 20 A.3d 488 (Pa. 2011) (table decision).

13

Liberty Life Assurance Company, the claims administrator of Rohm and Haas Company's long-term disability benefit plan.[32]

Plaintiff claimed in <u>Jackson II</u> that the defendants improperly interfered with plaintiff's disability benefits in an effort to gain an advantage in the <u>Jackson I</u> litigation.[33]

Plaintiff's <u>Jackson II</u> complaint also contained claims that had already been deemed frivolous in the course of <u>Jackson I</u>, and plaintiff's counsel was sanctioned for including these claims again in the complaint filed in <u>Jackson II</u>.[34]

Plaintiff thereafter submitted several amended pleadings, and plaintiff's second amended complaint was found to contain five claims that survived a motion to dismiss.[35]

In the interim, on August 18 2006 plaintiff filed a third federal suit ("<u>Jackson III</u>").  The <u>Jackson III</u> complaint substantially overlapped with the allegations of <u>Jackson II</u> but also contained claims relating the termination of plaintiff's

---

[32]     Complaint, ¶¶ 73, 76.

[33]     Complaint, ¶ 77.

[34]     <u>See</u> <u>Jackson v. Rohm & Haas Co.</u>, Civ. No. 05-4988, 2006 WL 680933, at *7-8 (E.D. Pa. Mar. 9, 2006) (Pollak, J.) (describing claims as "predominantly without warrant and frivolous.").

[35]     <u>See</u> <u>Jackson v. Rohm & Haas Co.</u>, Civ. No. 05-4988, 2007 WL 2702804, at *8 (E.D. Pa. Sept. 12, 2007) (Pollak, J.) (denying motion to dismiss two RICO counts and three counts under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1002 <u>et seq.</u>).

employment and disability benefits.[36]  Nearly all of the claims
in the original <u>Jackson III</u> complaint were dismissed.[37]

On May 21, 2008, <u>Jackson II</u> and <u>Jackson III</u> were
consolidated.  After consolidation, plaintiff was ordered to
submit a single "consolidated amended complaint, alleging all
claims for which he has a good faith basis."  Plaintiff was
advised that further amendments of his pleadings would not be
permitted and that the consolidated amended complaint "must be
concise and must comply with all federal and local rules."[38]

Plaintiff filed his consolidated amended complaint
("CAC") on June 11, 2008.[39]  On July 2, 2012 all the defendants
moved to dismiss the consolidated amended complaint.[40]

While the motions to dismiss were pending, plaintiff
sought to enjoin two business transactions by the defendants: the
acquisition of Rohm and Haas by Dow Chemical, and the acquisition
of Safeco by Liberty Mutual.[41]  Specifically, on September 15,

---

[36]    Complaint, ¶ 97.

[37]    <u>See Jackson v. Rohm & Haas Co.</u>, Civ. No. 06-3682, 2007 WL 2668001,
at *14 (E.D. Pa. Sept. 5, 2007) (Pollak, J.) (dismissing all counts except one
ERISA claim and two state-law claims), <u>modified in part by Jackson v. Rohm &
Haas Co.</u>, Civ. No. 06-3682, 2007 WL 2702797, at *2 (E.D. Pa. Sept. 12, 2007)
(dismissing the two state-law claims as to defendant Liberty Life).

[38]    Complaint, ¶¶ 81, 100; <u>See</u> Order of United States Magistrate Judge
Angell dated May 21, 2008 and filed May 22, 2008 as Document 163 in the docket
of <u>Jackson II</u>, case number 05-cv-04988.

[39]    Document 168 in <u>Jackson II</u>, Civil Action Number 05-cv-04988.

[40]    Documents 170 and 171 in <u>Jackson II</u>, Civil Action Number
05-cv-04988.

[41]    Complaint ¶¶ 219-20.

2008 plaintiff filed a motion for a preliminary injunction in the Jackson II docket.[42]

Plaintiff's stated basis for this relief was that Rohm and Haas and Liberty Mutual had failed to disclose the existence of the Jackson II and Jackson III litigation in federal and state regulatory filings prior to the transactions.  On September 15, 2008 plaintiff's motion for a preliminary injunction was denied.[43]

On September 22, 2008, a telephone conference call concerning plaintiff's efforts to enjoin the acquisition of Safeco was held with the Chief Hearing Officer for the Office of the Insurance Commissioner of the State of Washington.  Counsel for Liberty Mutual and counsel for plaintiff participated on the call.[44]

During the call, Liberty Mutual admitted it had knowledge of plaintiff's claims alleged in Jackson II and Jackson III, but did not disclose them because it had determined that plaintiff's claims were not "material".  Moreover, Liberty Mutual intentionally misled the Chief Hearing Officer on the conference

---

[42]    Plaintiff's Motion for Preliminary Injunction to Enjoin the Merger Between Rohm and Haas Company and the Dow Chemical Company and the Acquisition of Safeco Insurance Company by the Liberty Mutual Group and to Require Full and Proper Disclosures.  Documents 184 in Jackson II, Civil Action Number 05-cv-04988.

[43]    See Complaint, ¶ 210; see also Jackson v. Rohm & Haas Co., Civ. No. 05-4988, 2009 WL 948741, at *1 (E.D. Pa. Mar. 20, 2009).

[44]    Complaint, ¶¶ 212.

call concerning the authority of United States Magistrate Judge Angell's authority to decide plaintiff's motion to enjoin Liberty Mutual's acquisition of Safeco, by stating that she had full authority to issue a preliminary injunction.[45]

On December 16, 2008, Magistrate Judge Angell issued a report and recommendation on defendants' motions to dismiss the CAC ("R&R of December 16, 2008").[46]  Judge Angell concluded that the CAC should be dismissed with prejudice in its entirety as a sanction for plaintiff's repeated failure to file a proper complaint and failure to obey the court's prior orders.[47]  In adopting the R&R in part, Judge Pollak described the consolidated amended complaint as follows:

> Viewed in the light of the history of this litigation and the decisions of this court, the CAC seems a model of obstructive and contumacious posturing.  I do not consider most of the efforts by Jackson's counsel to be appropriate advocacy within the rules; instead, I agree with Judge Angell that they represent recurring obduracy of the kind that warrants sanctions....

Jackson v. Rohm & Haas Co., slip op. at 2, 2009 WL 773936, at *1 (E.D.Pa. Mar. 19, 2009) ("Opinion of Mar. 19, 2009").[48]

---

[45]    Complaint, ¶¶ 214-218.

[46]    Document 230 in Jackson II, Civil Action Number 05-cv-04988.

[47]    R&R of December 16, 2008, at 11-17.

[48]    Document 247 in Jackson II, Civil Action Number 05-cv-04988.

However, whereas the R&R of December 16, 2008 urged dismissal of all plaintiff's claims as a sanction for his misconduct, Judge Pollak determined that plaintiff should be permitted to proceed with four claims against Rohm and Haas under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and state law.[49]

Plaintiff subsequently voluntarily dismissed those four claims and on March 25, 2009 took an appeal to the United States Court of Appeals for the Third Circuit.[50]  The Third Circuit affirmed and plaintiff's petition to the United States Supreme Court for a writ of certiorari was denied on October 4, 2010.[51]

While plaintiff's appeal was pending, defendant Dow Chemical Company was a defendant in a class action, of which plaintiff was a class member.  On November 24, 2009, the United States District Court for the Southern District of Indiana preliminarily approved a Class Settlement Agreement between the R&H Pension Plan and the class.[52]

Pursuant to the settlement agreement, the Dow Chemical Company was to send notice to class members by first class mail.

---

[49]     See Opinion of March 19, 2009, at 4-5.

[50]     Complaint ¶ 225 n.29.

[51]     See Jackson v. Rohm & Haas Co., 366 Fed.Appx 342, 347-48 (3d Cir. 2010) (finding no abuse of discretion in dismissal of CAC as a sanction); Jackson v. Rohm & Haas Co. 131 S. Ct. 206, 178 L.Ed.2d 45.

[52]     Complaint, ¶ 228.

18

However, the Dow Chemical Company intentionally sent plaintiff's notice to an incorrect address.  In sending the settlement notice to an incorrect address, defendants intended to prevent plaintiff from exercising his rights as a class member.

On November 2, 2010 plaintiff filed the within Complaint pro se ("Jackson IV") in the District of Delaware based on the conduct of defendants during the various state and federal litigation described above.  Plantiff's Complaint asserts nineteen counts for relief.[53]

<u>DISCUSSION</u>

<u>Res Judicata</u>

Both the Liberty Mutual defendants and the Rohm and Haas defendants invoke <u>res judicata</u> as a ground to dismiss the present complaint for failure to state a claim on which relief may be granted.

The branch of <u>res judicata</u> invoked by the defendants is commonly known as claim preclusion.  See <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 & n.5, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155, 168 (2008) (discussing terminology).  Under federal law, claim preclusion applies "when three circumstances are present: (1) a

---

[53]   Counts One through Ten assert violations of RICO.  Count Eleven asserts a violation of the State of Indiana's RICO statute, § 35-45-6-2.  Count Twelve and Thirteen assert claims under the Americans with Disabilities Act.  Count Fourteen asserts a claim for Abuse of Process.  Count Fifteen asserts a claim for Fraud.  Count Sixteen asserts a claim for Wrongful Discharge.  Count Seventeen asserts a claim for negligent misrepresentation.  Count Eighteen asserts a claim for Intentional Infliction of Emotion Distress, and Count Nineteen asserts a claim for negligent infliction of emotional distress.

final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 225 (3d Cir. 2008) (internal quotation marks omitted).[54]

I will consider each of these three elements in turn.

### 1. Prior Final Judgment on the Merits

There is no question that the dismissal of plaintiff's consolidated amended complaint was litigated to final judgment in the prior suits. Judgement became final when the United States Supreme Court denied Jackson's petition for a writ of certiorari. The only question is whether the prior final judgment was entered

---

[54] Federal law governs the preclusive effect of a prior judgment entered by a federal court. Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-508, 121 S.Ct 1021, 1027-1028, 149 L.Ed.2d 32, 42-43 (2001). However, when the federal court enters judgment on questions of state law, federal law generally requires that the federal court's judgment be given the same preclusive effect as a judgment entered by a state court in the forum state. Id. 531 U.S. at 508-509, 121 S.Ct. at 1028-1029, 149 L.Ed.2d at 43-44.

The prior judgment at issue here dismissed both federal claims and state-law claims. See Opinion of Mar. 19, 2009, at 3-4 (discussing CAC claims). Conceivably, the preclusive effect of the prior judgment's resolution of questions of state law might be determined by reference to Pennsylvania law. See 18B Charles A. Wright et al., Federal Practice and Procedure § 4472, at 395-397 (2d ed. 2002) (hereinafter, "Wright & Miller") (discussing successive federal suits involving state law).

Of course, the dismissal of plaintiff's prior state-law claims as a sanction for failure to comply with federal rules and federal court orders might also present a strong case for application of federal preclusion principles, notwithstanding any contrary state law. See id. at 376 (supporting use of "federal claim-preclusion rule following dismissal for willful violation of discovery orders despite a contrary state rule").

The question is only academic because there appears to be no pertinent difference between Pennsylvania preclusion law and federal preclusion law for these purposes. See R & J Holding Co. v. Redevelopment Authority. of County of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) (Pennsylvania law).

on the merits.  Plaintiff maintains that the prior judgment was not on the merits because it was entered as a sanction for "a pleadings violation."[55]

The prior final judgment was entered as a sanction for plaintiff's repeated failure to comply with the pleading standards of Rule 8(a) and with court orders.  The standards for such a dismissal are governed in this judicial circuit by <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868-70 (3d Cir. 1984).  The <u>Poulis</u> factors were discussed extensively in Judge Angell's R&R, Judge Pollak's opinion adopting the R&R in part, and the Third Circuit's opinion affirming dismissal.[56]  Thus, there is no question that the prior final judgment was entered as a sanction under <u>Poulis</u> for failure to comply with federal rules and court orders---and not, as plaintiff maintains, for a "pleadings violation."

As a matter of federal law, dismissal of a plaintiff's claims with prejudice for failure to comply with federal court orders operates as an adjudication on the merits for preclusion purposes.  The Third Circuit does not appear to have squarely said as much, but this is the uniform view of the federal courts.

---

[55]   <u>See</u> Plaintiff's Memorandum in Opposition to Liberty Mutual's Motion to Dismiss, pages 10-16 (E.D.Pa. Document 56); Plaintiff's Memorandum in Opposition to Dow/Rohm's Motion to Dismiss, pages 6-13 (E.D.Pa. Document 57).

[56]   <u>See</u> R&R of December 16, 2008 , at 13-17; Opinion of Mar. 19, 2009, at 2-3; <u>Jackson</u>, 366 Fed.Appx at 348.

See Dillard v. Security Pacific Brokers, Inc., 835 F.2d 607, 608 (5th Cir. 1988) (claim preclusion accorded to earlier federal judgment entered as sanction for failure to comply with court order); United States v. $149,345 U.S. Currency, 747 F.2d 1278, 1280 (9th Cir. 1984) (same); see also 18A Wright & Miller, supra, § 4440 at 205 n.1 (collecting cases).

This principle has been expressed, albeit in dicta, by the Supreme Court.  See Costello v. United States, 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551, 565 (1961) (stating that dismissal for reasons enumerated in Federal Rule 41(b), including "failure...to comply with an order of the Court," would normally "bar a subsequent action").  And, were there any doubt about whether state law should also be consulted, the Third Circuit has recognized that dismissal as a sanction for failure to obey a court order would give rise to preclusion under Pennsylvania law. McCarter v. Mitcham, 883 F.2d 196, 199-200 (3d Cir. 1989).  The principle is clear and clearly applies to the dismissal of plaintiff's prior claims.

Not all of plaintiff's claims were dismissed as a sanction.[57]  But these claims were also litigated to a final judgment on the merits for purposes of preclusion because plaintiff voluntarily dismissed his claims with prejudice.

---

[57]    See Opinion of March 9, 2009, at 4-5 (determining that four claims should not be dismissed under Poulis).

22

"[V]oluntary dismissal with prejudice operates as a final judgment on the merits" for purposes of claim preclusion, <u>Vacanti v. Apothaker & Associates, P.C.</u>, Civ. No. 09-5827, 2010 WL 4702382, at *4 (E.D. Pa. Nov. 12, 2010); <u>see also</u> <u>Chase Manhattan Bank, N.A. v. Celotex Corp.</u>, 56 F.3d 343, 345 (2d Cir. 1995), and plaintiff elected to dismiss his remaining claims with prejudice.[58]  Therefore, the prior final judgment was entered on the merits as to all claims for purposes of claim preclusion.

Plaintiff's efforts to avoid this conclusion fail.  He relies principally on the argument that sanctions imposed under Rule 11 for an improper pleading are not considered adjudications on the merits of the pleading and normally do not preclude the filing of an amended pleading.  But the Rule 11 cases collected by plaintiff are inapposite.  The CAC was not dismissed as a sanction under Rule 11; rather, it was dismissed for failure to obey the Federal Rules and prior court orders, as contemplated by Rule 41(b).[59]

Plaintiff also claims that Rule 41(b) does not preclude re-litigation of his claims.  Rule 41(b) provides that a dismissal for failure to obey the Federal Rules or prior court

---

[58]     Complaint ¶ 225 n.29; <u>see also</u> Plaintiff's Amended Notice of Voluntary Dismissal (Document 253 in <u>Jackson II</u>, Civil Action Number 05-cv-04988).

[59]     <u>See</u> R&R of December 16, 2008 , at 12 (stating that CAC "does not comply with prior orders of the Court in violation of Rule 41(b)").

23

orders "operates as an adjudication on the merits" unless one of three exceptions applies or unless the dismissing court says otherwise.

In Semtek, the Supreme Court cautioned that Rule 41(b) was not intended to govern federal claim preclusion.  See 531 U.S. at 501-506, 121 S.Ct. 1021, 1024-1029, 149 L.Ed.2d 32, 38-43.  Instead, Rule 41(b)'s reference to "adjudication on the merits" should be read as shorthand for "dismissal with prejudice," and the effect of dismissal with prejudice under Rule 41(b) is simply to prevent the losing party from bringing the same claims back to the same court.  Id.  531 U.S. at 505-506, 121 S.Ct. at 1026-1027, 149 L.Ed.2d at 41.

By implication, dismissal with prejudice under Rule 41(b) does not necessarily preclude bringing the same claims to a different court.  Id.  Plaintiff apparently believes, based on Semtek, that the dismissal of the CAC with prejudice under Rule 41(b) only bars him from bringing the same claims again in this court; hence his filing of Jackson IV in the District of Delaware.

Plaintiff fails to understand Semtek.  The Supreme Court did not intend to license forum shopping from one federal court to another after dismissal with prejudice under Rule 41(b). It is true that Semtek holds that Rule 41(b), standing alone, does not preclude the plaintiff from filing the same claims in a

24

different court.  See Semtek, 531 U.S. at 503, 121 S.Ct. at 1025,
149 L.Ed.2d at 39.  Rule 41(b) was intended to govern the
internal procedures of the federal courts and not to establish
broad principles of federal preclusion.  Id.

     As Semtek explains, questions of preclusion for federal
court judgments are governed not by Rule 41(b) but rather by a
specialized body of federal common law.  Id. at 508-509,
121 S.Ct. at 1028-1029, 149 L.Ed.2d at 43.  And the relevant
federal principle is clear under these circumstances and has
already been identified above: dismissal as a sanction for
failure to obey court orders operates as an adjudication on the
merits for claim preclusion purposes.

     Finally, as a practical matter, plaintiff's contention
that he has never had his "day in court" on these claims is
profoundly unmoving.  In fact, the dismissal of plaintiff's CAC
was founded on plaintiff's failure to file a pleading that was
not rife with frivolous or baseless claims.[60]  Plaintiff has not
been deprived of his day in court.

### 2. Same or Closely Related Parties

     Claim preclusion bars the re-litigation of claims
against both the parties to the prior suit and those in privity
with them.  The traditional concept of privity was limited to a

---

[60]   See R&R of December 16, 2008, at 4-5 (claims based on alleged
destruction of evidence repeatedly rejected as frivolous); and Id. at 8
(claims for monetary damages for ERISA violations repeatedly rejected).

set of substantive legal relationships, like bailor and bailee. Restatement (Second) of Judgments § 52 (1982); 18A Wright & Miller, supra, § 4448, at 326-327.  But the concept has been pragmatically expanded, and claim preclusion may now be applied whenever "there is a close or significant relationship between successive defendants."  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991) (quoting Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972)); see also Taylor, 533 U.S. at 894 n.8, 128 S.Ct. at 2171 n.8, 171 L.Ed.2d 169 n.8 ("privity" is now used "as a way to express the conclusion that nonparty preclusion is appropriate on any ground").

Plaintiff's present complaint names eighteen named defendants plus fifteen John Doe defendants.  Of those, ten were also named in the consolidated amended complaint.[61]  With respect to the remaining eight defendants, all appear to have a close or significant relationship with defendants named in the CAC.

I begin with two businesses named in the present complaint: the Dow Chemical Company and Liberty Mutual Life Insurance Company.[62]  In his prior suit, plaintiff named the Liberty Life Assurance Company of Boston as a defendant.[63]

---

[61]    Those defendants are: the Rohm and Haas Company; the Rohm & Haas Benefits Administrative Committee (BAC); Raj L. Gupta; Robert A. Lonergan, Esquire; Ellen Friedell, Esquire; Royce Warrick, Esquire; Jane Greenetz; Deanna May; Nancy Mayo; and Lori Hamlin.  Compare Compl. ¶¶ 3-4, 6, 9-12, 14 & 18-19, with CAC ¶¶ 2-3, 8-9, 11, 13, 16 & 18-20.

[62]    Complaint, ¶¶ 3 and 5.

[63]    Consolidated Amended Complaint, ¶ 4.

Plaintiff himself alleges that "Liberty Mutual is the parent company of Liberty Life" and that the two companies should be treated as "alter egos."[64]  This suffices to establish a close and significant relationship for claim preclusion, at least where the interests of the companies appear to be congruent and plaintiff makes no effort to distinguish them.  See Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1996) (parent corporation can invoke claim preclusion when wholly owned subsidiary was named as defendant in prior suit on identical claims) (applying Third Circuit law); Doe v. Urohealth Systems, Inc., 216 F.3d 157, 162 (1st Cir. 2000) (similar); cf. Lubrizol Corp., 929 F.2d at 966 (wholly owned subsidiary can invoke claim preclusion when parent was named in prior suit).

Likewise, Dow Chemical is alleged to wholly own the Rohm and Haas Company and is entitled to invoke the claim-preclusive effect of the prior judgment for similar reasons.

I turn next to five defendants who appear to be employees of parties named in the prior suit or their privies: Pierre R. Brondeau, Jacques M. Croisetiere, Cynthia Mazer, Richard P. Quinlan, and Sean B. McSweeney.[65]

---

[64]     Complaint, ¶ 5(b).

[65]     Complaint, ¶¶ 7-8, 13 & 15-16.

The first three are alleged to be employees of Rohm and Haas and are sued for actions arising out of their employment.[66] The second two are alleged to be employees of Liberty Mutual and are also sued for actions arising out of their employment.[67]

Based on the Complaint, these employees have the sort of close and significant relationship with their employers that has been found to justify preclusion in other cases.  See, e.g., Salerno v. Corzine, 449 Fed.Appx 118, 122-123 (3d Cir. 2011) (privity between employer and employees); Shellenberger v. United Parcel Services, Civ. No. 05-2266, 2006 WL 208683, at *4 (E.D.Pa. Jan. 25, 2006) (same).  Thus, the newly named employees can benefit from the preclusive effect of the judgment entered in favor of their employers in the prior suit.

That leaves only one other defendant to discuss: Michael Miller, Esquire, who is alleged to be Liberty Mutual's outside counsel at Drinker Biddle & Reath LLP.[68]

An attorney-client relationship may justify application of claim preclusion even when the attorney was not a party to the prior suit.  See Weinberger v. Tucker, 510 F.3d 486, 492-493 (4th Cir. 2007) (collecting cases); e.g., Iseley v. Talaber, Civ. No. 04-444, 2008 WL 906508, at *3 n.1 (M.D.Pa. Mar. 31,

---

[66]    Complaint ¶¶ 7, 8 and 13.

[67]    Complaint, ¶¶ 35-36.

[68]    Complaint, ¶¶ 17 and 37.

28

2008) (privity via attorney-client relationship and identity of interests).

Here, Attorney Miller is sued only for his representation of Life Liberty in <u>Jackson II</u> and <u>Jackson III</u>.[69] Under the circumstances, he is also entitled to invoke claim preclusion.

I thus conclude that all defendants were parties to the prior suit or have a close and significant relationship to parties in the prior suit.  The RICO cases cited by plaintiff in this context are inapposite and unhelpful; they say nothing at all about preclusion.

### 3. <u>Same Causes of Action</u>

The final element required for claim preclusion is that the present suit involve the same or closely related causes of action as the prior suit.  "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."  <u>In re Mullarkey</u>, 536 F.3d at 225.

To determine the scope of which claims are precluded, federal courts look to whether the claims "aris[e] out of the same transaction or occurrence."  <u>Lubrizol Corp.</u>, 929 F.2d at 963 (internal quotation marks omitted).  "[T]he focus of the inquiry is 'whether the acts complained of were the same, whether the

---

[69]     Complaint, ¶¶ 216, 317(f).

material facts alleged in each suit were the same, and whether
the witnesses and documentation required to prove such
allegations were the same.'"  Duhany v. Attorney General,
621 F.3d 340, 348 (3d Cir. 2010) (quoting Lubrizol Corp.,
929 F.2d at 963).

      Plaintiff's current Complaint contains nineteen
enumerated claims.[70]  All of these claims, with two exceptions
discussed below, are identical or essentially identical to claims
pleaded in plaintiff's prior suit; plaintiff has reproduced them
verbatim or with only trivial differences.[71]  And they rely for
the most part on factual allegations reproduced in the body of
the pleading that are identical to the allegations made in the
CAC.  Indeed, defendants observe that the present Complaint
contains 129 paragraphs reproduced verbatim from the CAC, as well
as 34 paragraphs reproduced verbatim but with the substitution of
"Liberty Mutual" for "Liberty Life."

      Plaintiff argues that these claims are not identical
because they rely in part on conduct that allegedly occurred
after the filing of the CAC on June 11, 2008.[72]

---

[70]    Complaint, ¶¶ 251-329.

[71]    Counts I-IV and VI-X of the Complaint plead RICO claims that are
identical, or nearly so, to RICO claims pleaded in the CAC.  Counts XII and
XIII assert violations of the ADA that are materially identical to Counts XVI
and XVIII of the CAC.  Counts XIV through XIX of the complaint are state-law
claims that are essentially identical to Counts XX through XXV of the CAC.

[72]    See Plaintiff's Memorandum in Opposition to Dow/Rohm's Motion to
Dismiss, page 14 (E.D.Pa. Document 57).

But plaintiff's addition of some new facts cannot obscure the "essential similarity of the underlying events giving rise to the various legal claims." Davis v. U.S. Steel Supply Co., 688 F.2d 166, 171 (3d Cir. 1982) (en banc); see also United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984). Plaintiff has, at best, sprinkled some more recent factual allegations into his essentially unchanged narrative. Plaintiff has not altered the material facts of the claims or his theory of recovery. I have no difficulty concluding that these claims are precluded.

However, there are two counts in the current complaint which require separate discussion. The first is Count V, which alleges a RICO violation.[73] The second is Count XI, which alleges a violation of Indiana's RICO law, Ind. Code §§ 35-45-6 et seq.[74]

These two counts are superficially distinct from the other counts in the Complaint in that they rely primarily on factual allegations that postdate the CAC.

As to Count V, plaintiff alleges that Dow Chemical and its agents sent notice of a proposed settlement for litigation by a class of pensioners (of which plaintiff is allegedly a member) to the wrong mailing address, in an intentional effort to prevent

---

[73]     Complaint, ¶ 280-81.

[74]     Complaint, ¶¶ 298-307.

31

plaintiff from objecting to the settlement or notifying the court overseeing the class action of the existence of Jackson II and Jackson III.[75]

As to Count XI, plaintiff alleges that Liberty Mutual intentionally refrained from disclosing the existence of Jackson II and Jackson III to the Indiana Department of Insurance in an effort to facilitate Liberty's acquisition of Safeco and another insurer.[76]

According to plaintiff, he brought this failure to the attention of Washington state regulators; and, at a hearing before a Washington regulator, representatives of Liberty Mutual allegedly misrepresented the materiality of Jackson II and Jackson III and the status of plaintiff's then-pending efforts in this court to enjoin the merger.[77]

Nevertheless, I find that both Counts V and XI are precluded by the final judgment entered in the prior litigation. Counts V and XI share an "essential similarity" with the claims made in the CAC because they rely on and incorporate the vast

---

[75]     Complaint, ¶¶ 207-44.

However, plaintiff must have received actual notice of the settlement because he unsuccessfully attempted to opt out of it.  He was concerned, apparently, that the settlement might release some of his claims against Rohm and Haas.  See Williams v. Rohm & Haas Pension Plan, 658 F.3d 629, 635 (7th Cir. 2011) (affirming district court's refusal to permit plaintiff to opt out of class settlement), cert. denied sub nom. Jackson v. Rohm & Haas Pension Plan, 132 S. Ct. 1911 (2012).

[76]     Complaint, ¶¶ 207-18.

[77]     Complaint, ¶¶ 215-16.

majority of plaintiff's baseless factual allegations concerning defendants' status as RICO enterprises.  Moreover, a "plaintiff who seeks to enlarge a minor new claim by including precluded events runs the risk that the whole will be precluded, perhaps from a suspicion that an action would not have been brought for the new events alone."  18 Wright & Miller, § 4409, at 54 (2011 Supp.)

Therefore, these counts cannot be surgically separated from the mass of plaintiff's otherwise precluded claims.

Plaintiff's only other effort to distinguish his current claims from his prior claims is to argue that Judge Angell already determined that his claims "are not identical." The quoted language comes from a report and recommendation issued by Judge Angell in Jackson II on January 21, 2011, and adopted by Judge Pollak on April 6, 2011.[78]

The questions presented in the R&R were whether plaintiff should be sanctioned for filing Jackson IV in the District of Delaware and whether the Delaware action ought to be enjoined under the All Writs Act, 28 U.S.C. § 1641, in order to prevent plaintiff from re-litigating his claim.[79]  Therefore, the R&R did not consider or resolve any questions of preclusion.

---

[78]    See Jackson v. Rohm & Haas Co., Civ. No. 05-4988, 2011 WL 1342952, at *1 (E.D. Pa. Apr. 6, 2011) (order adopting R&R).

[79]    Plaintiff was not sanctioned, and Jackson IV was not enjoined.

Remaining Motions

In light of my conclusion that the prior final judgment entered on the CAC precludes plaintiff from proceeding with any of his claims against any of the named defendants, I have no reason to consider the numerous other pending motions.  Those motions are dismissed as moot.

CONCLUSION

For the foregoing reasons, the motions to dismiss filed by the Rohm and Haas defendants and the Liberty Mutual defendants are granted on res judicata grounds.  Plaintiff's claims are precluded by the prior final judgment, entered as a sanction for his failure to obey court orders, on essentially similar claims against the same, or closely related, defendants.  Therefore, plaintiff's Complaint is dismissed with prejudice as to all defendants.

34